

# NUMBER 13-11-00328-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                **Appellant,**

**v.**

**CLINT SAENZ,**                                      **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Dissenting Memorandum Opinion by Justice Rose Vela**

The State appeals from a trial court order suppressing the oral statements of the defendant, Clint Saenz, after he was indicted for third-offense driving while intoxicated. I would reverse and remand to the trial court.

I would hold that the record conclusively established both that Officer Bintliff had reasonable suspicion to detain Saenz at the time he originally stopped Saenz and that Saenz had not been arrested or placed in custody before he made the oral statements to Officer Sanders.

## A. Reasonable Suspicion

An officer has reasonable suspicion to detain a person if he has specific articulable facts that, combined with rational inferences from those facts, would lead the officer to conclude that the person detained is, has been, or soon will be, engaged in criminal activity. *Derichweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *See Stansbury v. California*, 511 U.S. 318, 322 (1994) (internal quotes omitted); *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996) ("A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest."). An "officer's views concerning the nature of an interrogation, or beliefs concerning the potential culpability of the individual being questioned, may be one among many factors that bear upon the assessment whether that individual was in custody, but only if the officer's views or beliefs were somehow manifested to the individual under interrogation and would have affected how a reasonable person in that position would perceive his or her freedom to leave." *See Stansbury*, 511 U.S. at 325.

2

The record shows that Officer Bintliff was dispatched to the Whataburger just after 2:00 a.m. because of a fight. The tip the officer received regarding the individuals involved in the fight matched Saenz's and his passenger's descriptions at the scene. Additionally, it appeared to the officer that Saenz was in the process of operating a vehicle while intoxicated. Officer Bintliff noted that the back-up lights were on, the vehicle Saenz was occupying was improperly parked in two spaces, including a handicapped parking spot, and Saenz had a confused and dazed look. All of these factors could lead to reasonable suspicion to stop Saenz for one or more offense, including DWI.

## B.  *Miranda* Warnings

When a defendant seeks to suppress a statement on the basis of an alleged *Miranda* violation, he bears the burden to show that the statement was the product of custodial interrogation. *See Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007); *Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005). "In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *See Stansbury v. California*, 511 U.S. at 322 (internal quotes omitted); *Dowthitt v. State*, 931 S.W.2d at 254 ("A person is in custody only if, under the circumstances, a[n objectively] reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.") (internal quotes omitted).

A person who is stopped only temporarily is not in custody for purposes of

3

*Miranda.   State v Sheppard*, 271 S.W.3d 281, 289 (Tex. Crim. App. 2008).   Appellate courts review the legal determination of detention, reasonable suspicion, and probable cause under the Fourth Amendment de novo while granting great deference to a trial court's factual findings.   *Id.* at 286–87.   The United States Supreme Court has long held that an officer has the right to briefly detain and investigate a person when the officer has a reasonable suspicion that the person is involved in criminal activity.   *Id.* at 287.

The record shows that Saenz was not free to leave; but he was being temporarily detained while the officer conducted his investigation.   A temporary detention, in which the person is not free to leave while the police officer investigates whether a crime has been committed is allowed.   *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Sheppard*, 271 S.W.3d at 287.   But a Fourth Amendment *Terry* detention is not a custodial arrest.   *Id.* at 289.

Here, the stop began as a temporary detention.   While Saenz was placed in the patrol car, although he was not free to leave, he was not arrested.   He was not placed in handcuffs.   Officer Bintliff dispatched the DWI unit shortly after he arrived.   The police report shows only a twelve-minute delay between the time that Officer Bintliff was dispatched at 2:13 a.m. and Officer Sanders being dispatched at 2:25 a.m.   There is nothing in the record to show that the temporary detention became an arrest prior to Officer Sanders asking Saenz questions.   While Saenz was with Officer Sanders, Bintliff continued to investigate.   The record showed that Officer Bintliff had reasonable suspicion to detain Saenz and that Saenz had not been arrested or placed into custody before he made statements to Officer Sanders.   Giving deference to the trial court's fact findings and applying a de novo standard of review to pure questions of law and mixed

4

questions that do not depend on credibility determinations, I would hold that the trial court erred in granting the motion to suppress. Therefore, I respectfully dissent.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 28th
day of December, 2012.